[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10452

Non-Argument Calendar

_____

DAVID TIMOTHY JOHNSON, SR.,

Plaintiff-Appellant,

*versus*

URVASHI FOSTER,
an individual,
BILLIE JOE FOSTER,
an individual,
DEPUTY BROOKS,
Badge # 203, Georgetown-Quitman County
Sheriff Department, an individual,
GOD AND GOD ALONE LLC,
a limited liability corporation,
MAGISTRATE    COURT    OF    GEORGETOWN-QUITMAN

COUNTY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:21-cv-00219-CDL

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

David Johnson, proceeding *pro se*, appeals the district court's dismissal of his complaint and denial of his two Rule 60 motions to vacate. The district court gave him a chance to file an amended complaint and instructions for how to cure his pleading deficiencies, but his amended complaint still fell short of the pleading requirements in federal court. For the reasons explained below, the district court was well within its discretion to dismiss his complaint with prejudice and Johnson has abandoned any challenge to the denial of his motions to vacate. We affirm.

**I.**

Johnson sued multiple private and government actors over what appears to be a landlord-tenant lawsuit in state court. He alleges he was mistreated by a state magistrate judge and

discriminated against based on his race, sex, religion, age, and disability. The defendants moved to dismiss the complaint and the district court held that Johnson's complaint was a shotgun pleading that failed to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b). The district court instructed Johnson how to cure his pleading deficiencies and gave him twenty-eight days to file an amended complaint.

Johnson failed to cure those deficiencies, and the district court dismissed Johnson's amended complaint because it again determined it was a shotgun pleading that violated Rules 8(a)(2) and 10(b). It held that (1) the allegations were conclusory, vague, and contained immaterial facts that were not connected to a specific cause of action, (2) the amended complaint failed to separate each cause of action into a different count and treated the defendants as a collective unit for the majority of the claims, and (3) Johnson made no effort to clearly assert each claim, supported by allegations, against each defendant.

Johnson then filed two motions to vacate that judgment under Rule 60 due to his neglect, the district court's lack of instructions to cure his pleading deficiencies, his health problems, and the defendants' fraud, misrepresentation, and misconduct. The district court denied both motions because there was no excusable neglect, it previously provided sufficient instructions to cure his pleading deficiencies, it accommodated his health problems by allowing him additional time for some filings, and he failed to identify any fraud, misconduct, or misrepresentation. He timely appealed.

## II.

We review dismissals of a complaint because it is a shotgun pleading for abuse of discretion. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). We also review a district court's denial of a Rule 60 motion for abuse of discretion. *Am. Bankers Ins. Co. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). While we read briefs filed by *pro se* litigants liberally, a *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III.

The district court did not abuse its discretion when it dismissed Johnson's amended complaint as a shotgun pleading. A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Characteristics of shotgun pleadings include (1) containing "multiple counts where each count adopts the allegations of all preceding counts," (2) being "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of

action," (3) failing to separate "into a different count each cause of action or claim for relief," and (4) asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23. Further, Rule 8(a)(2) requires a complaint to include a short and plain statement entitling the plaintiff to relief, and Rule 10(b) requires a complaint to state claims in separate, numbered paragraphs. We require district courts to allow a litigant one chance to remedy a shotgun pleading. *Vibe*, 878 F.3d at 1295. If a plaintiff fails to correct their deficient pleading after that notice, the district court is well within its discretion to dismiss the case. *Id.*

Johnson has failed to establish the district court abused its discretion when it held that his amended complaint was a shotgun pleading. Johnson stated no facts to support his claims, failed to separate his claims into distinct counts, and treated all of the defendants as a collective unit for the majority of the claims. Plus, the district court had already given Johnson instructions on how to cure his pleading deficiencies and twenty-eight days to do so. A district court has the discretion to dismiss a complaint as a shotgun pleading, especially after notifying the plaintiff of the deficiencies and giving him an opportunity to cure them. *Id.* The district court did not abuse that discretion here.

## IV.

We need not address the district court's order denying Johnson's motions to vacate because Johnson has abandoned any

challenge to that order on appeal. To avoid abandonment, a party must plainly identify the issues or claims that they seek to raise on appeal. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014). A party abandons a claim on appeal when he fails to "plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims." *Id.* at 681. We construe a *pro se* litigant's briefs liberally, but an issue not briefed on appeal by a *pro se* litigant is deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Johnson's brief does not mention Rule 60 and makes no argument as to why the district court abused its discretion in denying his two motions to vacate. Even construing his brief liberally, we cannot find that he briefed the issue on appeal. Thus, we need not address the merits of the district court's denial of his motions to vacate.

## V.

For the reasons stated above, we **AFFIRM**.